■ In the Matter of BERNARD CHALLENOR, Respondent, against NEW YORK CITY TRANSIT AUTHORITY, Appellant.— Appeal from an order granting an application for leave to file a notice of claim for personal injuries after the expiration of the 90-day period provided for in section 50-e of the General Municipal Law. The claimant was injured on August 21, 1957 and was taken to a hospital where he remained for about five days. After his release from the hospital the claimant appeared to be mentally confused and absented himself from his home for short periods of time. On January 1, 1958 he became a voluntary patient in a State hospital for mental patients and was a patient in that hospital at the time this application was made on or about May 1, 1958. Order unanimously affirmed, without costs. No opinion. Present— Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ RICHARD M. LESTER, an Infant, by His Guardian ad Litem, IRVING LESTER, et al., Respondents, v. MILTON FISCHBEIN, Appellant.— In an action by an infant to recover damages for personal injuries and by his father for resulting medical expenses and loss of services, the appeal is from an order granting appellant's motion to reargue a motion made by respondents to modify a notice of examination before trial by eliminating the requirement for an examination of the infant, and on reargument, adhering to the original determination that the infant may not be examined in the absence of proof by appellant as to the infant's competency to testify. Order modified (1) by striking from the first ordering paragraph the words "original determination is adhered to" and by substituting therefor the words "plaintiffs' motion is denied", and (2) by striking the second ordering paragraph from said order and by substituting therefor a paragraph directing that the infant appear for examination before the Justice presiding at Special Term, Part II, of the Supreme Court, Queens County, on a date to be specified, and that, if the Justice presiding shall determine by a preliminary examination that the infant has sufficient capacity and is competent to testify, he shall be examined with respect to the matters specified in appellant's notice of examination, under the supervision of the Justice presiding. As so modified, order affirmed, without costs. We see no reason why a party to an action, desiring to examine an infant adversary before trial, should be compelled to submit proof, on a motion to vacate the notice of such examination, as to the capacity of the infant to testify. That question may and should be determined by the court or judicial officer before whom the testimony is offered (Civ. Prac. Act, § 365). The Special Term was not required, because the infant was directed by the notice to appear before the clerk of the court for examination, to vacate the provision of the notice which related to the infant's deposition. The Special Term could have directed that the examination be held before a judicial officer instead of the person specified in the notice (Rules Civ. Prac., rule 124; Civ. Prac. Act, § 301) so that the question of the infant's capacity might be determined. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur. Settle order on notice.